UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNNE GARDNER and BRET GARDNER, husband and wife,<br><br>        Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, NA,<br><br>        Defendant. | NO. 2:19-CV-0207-TOR<br><br>ORDER PARTIALLY GRANTING MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiffs' Equal Pay Act Claim (ECF No. 14). This matter was heard with oral argument on June 17, 2020. Larry J. Kuznetz and Sarah N. Harmon appeared on behalf of Plaintiffs. Catharine M. Morisset appeared on behalf of Defendant. The Court has reviewed the record and files herein and considered the parties' arguments, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 14) is granted in part.

ORDER PARTIALLY GRANTING MOTION TO DISMISS ~ 1

# BACKGROUND

This case concerns alleged workplace discrimination that Plaintiff Lynne Gardner faced while employed by Defendant between June 2016 and August 2017. ECF No. 1 at 2-9, ¶¶ 3.1-3.28. For the purposes of the instant motion, the Court accepts the factual allegations in the Complaint as true. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

On June 12, 2019, Plaintiffs filed a Complaint seeking relief, among other claims, under Washington's Equal Pay Act ("EPA"). ECF No. 1 at 10-11, ¶¶ 7.1-7.4. On April 20, 2020, Defendant moved for judgment on the pleadings, styled as a motion to dismiss, specific to Plaintiffs' EPA claim only. ECF No. 14. Specifically, Defendant argues judgment on the pleadings is appropriate because Plaintiff's EPA claim is raised under a version of the statute that did not exist at the time of the events of this case. ECF No. 14 at 1-2.

# DISCUSSION

**A. Judgment on the Pleadings Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is

substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1108 (internal quotation marks and citation omitted). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citation omitted).

**B.  Retroactivity of Amended EPA**

Defendant contends Plaintiffs' EPA claim should be dismissed because it is raised under a newly revised statute that did not exist at the time of the relevant alleged conduct. ECF No. 14 at 1-2. Plaintiffs respond that the EPA revisions are retroactive. ECF No. 17 at 3-5. The parties' arguments raise questions of statutory interpretation.

A federal court charged with interpreting a state statute should do so according to that state's principles of statutory interpretation. *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010). Under Washington law, there is a "strong presumption against retroactivity" of amended statutes. *Houk v. Best Dev. & Const. Co.*, 179 Wash. App. 908, 914 (2014). However, "[a] statutory amendment will be applied retroactively, if constitutionally permissible under the circumstances, when it is (1) intended by the Legislature to apply retroactively, (2) curative in that it clarifies or technically corrects ambiguous statutory language, or (3) remedial in nature." *Barstad v. Stewart Title Guar. Co.*, 145 Wash. 2d 528, 536-37 (2002).

During the time period in which Plaintiff was employed by Defendant, the original EPA provided, in part, "[i]f any female employee shall receive less compensation because of being discriminated against on account of her sex, and in violation of this section, she shall be entitled to recover in a civil action the full amount of compensation that she would have received had she not been discriminated against." RCW 49.12.175. The amended EPA, which became effective on June 7, 2018, now provides, "[i]f any employee receives less compensation because of discrimination on account of gender in violation of this section, that employee is entitled to the remedies in [subsequent provisions]." RCW 49.58.020. These remedies include state investigation and a private right of

action for actual damages, statutory damages, interest on compensation owed, and costs and attorney's fees.  RCW 49.58.060 and 49.58.070.  The amended EPA does not contain language that explicitly makes its changes retroactive.  RCW 49.58.020.  Additionally, the parties' dispute does not concern any ambiguous term in the original EPA.  Instead, Defendant's argument that Plaintiffs cannot claim damages authorized only in the amended EPA is best analyzed under the third retroactivity test, for remedial statutes.

"A statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive vested right." *Cameron v. Atl. Richfield Co.*, 442 P.3d 31, 38 (Wash. Ct. App. 2019) (internal quotation and citation omitted).  An amendment "should be applied retroactively only when doing so would further the remedial purpose." *In re F.D. Processing, Inc.*, 119 Wash. 2d 452, 463 (1992).  Where "it is clear from the language of the statute that a private cause of action existed under the statute then in effect" and the amendment "merely modifie[s] the existing remedy," the amendment is remedial. *Bayless v. Cmty. Coll. Dist. No. XIX*, 84 Wash. App. 309, 313-14 (1996).  Here, the significant differences between the original and the amended relevant provisions of the EPA are that the amended EPA provides a cause of action to "employees" rather than only "female employees," addresses discrimination on the basis of "gender" rather than "sex," and expands possible remedies beyond lost compensation to also include statutory

damages, interest, costs, and attorney's fees. *Compare* RCW 49.58.020 *with* RCW 49.12.175. Defendant's motion focuses on the remedies provision. ECF No. 14 at 4-8.

Defendant argues that the newly available remedies cannot be applied retroactively because there is no indication in the statutory text that the new remedies were intended to be applied retroactively. ECF No. 14 at 6-8. However, the lack of retroactivity language in the statute is not determinative of whether the statute is remedial. Instead, where an amendment modifies the remedy for an existing cause of action, the amendment is remedial and may be applied retroactively. *Bayless*, 84 Wash. App. at 313-14. Here, Plaintiffs' claim can be brought under the original EPA, and Defendant's challenge to this claim is based on the availability of remedies that were not available at the time of the alleged discriminatory conduct. Indeed, this case is similar to *Bayless*, in which an employee was able to seek remedies made available by an amendment to a whistleblower protection statute that became effective while the employee's suit was pending. 84 Wash. App. at 313-14. The remedies made available under the amended EPA are the type of "remedial" amendment that may be applied retroactively.

In its reply, Defendant contends that the amended EPA is not remedial because it expanded or created other legal protections. ECF No. 19 at 8. "A

statute which provides a claimant with the right to proceed against persons previously outside the scope of the statute deals with a substantive right, and therefore applies prospectively only." *Houk*, 179 Wash. App. at 914 (internal quotation and citation omitted). However, Plaintiffs do not state a claim for one of the new substantive EPA protections. *See* ECF No. 1 at 10-11, ¶¶ 7.1-7.4. Instead, Plaintiffs' EPA claim is the type of "equal pay for equal work" claim which could have been brought under the original EPA. RCW 49.12.175. This is therefore not the type of new substantive claim that may not be applied retroactively. *Houk*, 179 Wash. App. at 914.

Defendant does correctly note that neither the original nor the amended EPA permit recovery of non-economic damages. ECF No. 14 at 4-5. Accordingly, Plaintiffs cannot state a claim for non-economic damages under the EPA, and Defendant is entitled to judgment on that portion of Plaintiffs' EPA claim. ECF No. 1 at 11, ¶ 7.3. However, Defendant is not entitled to judgment on the remainder of Plaintiffs' EPA claim.

### C. Sanctions

Plaintiffs request sanctions in the amount of attorney's fees and costs incurred to respond to the instant motion, citing both Rule 11 and 28 U.S.C. § 1927. ECF No. 17 at 14-15. Defendant's motion presented legitimate legal issues and therefore do not demonstrate recklessness or bad faith. *See United States v.*

*Associated Convalescent Enter., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985). Indeed, Defendant's motion is granted in part. Plaintiff's request for sanctions is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED** in part.

2. The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 17, 2020.

THOMAS O. RICE
Chief United States District Judge