1

THE HONORABLE THOMAS O. RICE

2
Catharine Morisset, WSBA #29682
Margaret Burnham, WSBA #47860
FISHER & PHILLIPS LLP

3
1201 Third Avenue, Suite 2750
Seattle, WA 98101

4
(206) 682-2308 TEL

5
Attorneys for Defendant

6

7

8
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON - AT SPOKANE

9
LYNNE GARDNER and BRET
GARDNER, husband and wife,

10

NO. 2:19-cv-00207-TOR

11
                      Plaintiffs,

DEFENDANT'S MOTION TO
DISMISS

12
      vs.

WITHOUT ORAL ARGUMENT

13
WELLS FARGO BANK, NA,

NOTING DATE:
DECEMBER 10, 2020

14
                      Defendant.

15

16
## I.    MOTION AND RELIEF REQUESTED

17
      Plaintiff Lynne Gardner has alleged various claims against Defendant

18
Wells Fargo Bank, NA ("Wells Fargo") related to her employment, including

19
claims that seek damages for emotional distress. Plaintiff Bret Gardner, her

20
husband, asserts his own claim for loss of consortium. Wells Fargo respectfully

21
requests that the Court use its inherent authority to dismiss Plaintiffs' claims as a

22
sanction   for   Plaintiffs'   blatant   discovery   abuses:   clear,   affirmative

23

24
DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 1

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

25
FP 38856716.3

misrepresentations that resulted in concealment of potential evidence.    In Plaintiffs' discovery responses and in each of their depositions, Plaintiffs affirmatively stated under penalty of perjury, without any objections, that Plaintiff Lynne Gardner had/has no social media accounts.    Only after subpoenaing documents from a third-party witness, Ms. Gardner's friend and former Wells Fargo colleague Bonnie Muraoka, did Wells Fargo discover that Plaintiff Lynne Gardner *does have* both a Facebook and Twitter account.    She used, and may still use, one or both of these accounts to communicate with others about her claims. Plaintiffs' claims should be dismissed because of each of their deceptive conduct and false testimony.

## II.    FACTS RELEVANT TO MOTION

### A.    <u>Plaintiff Lynne Gardner's Claims.</u>

Plaintiff has been employed with Wells Fargo since 2001. (ECF No. 1, Complaint ¶ 3.1).    After working as a Branch Manager in Virginia for several years, Plaintiff relocated to Washington in January 2016. (*Id.*).    In August 2016, Plaintiff was hired as a Junior Home Mortgage Consultant (Junior HMC") in Kennewick, Washington. (*Id.* ¶ 3.6). A year later, in August 2017, Plaintiff relocated to Spokane Valley, Washington where she worked as Branch Manager until April 2018, when Plaintiff moved to Evans, Georgia. (*Id.* ¶ 3.28).    Plaintiff recently relocated back to Washington and currently works as a Branch Manager

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

1    for Wells Fargo in Spokane Valley, Washington.[1]

2    On June 12, 2019, Plaintiff filed her Complaint, alleging claims for age

3    discrimination under the Washington Law Against Discrimination, failure to pay

4    wages in violation of RCW 49.52.050, retaliation, intentional infliction of

5    emotional distress, loss of consortium, tax consequences, and a claim under

6    Washington's Equal Pay Act. (ECF No. 1, Complaint ¶¶ 4.1-10.2).  Under the

7    Second Amended Jury Trial Scheduling Order, discovery is currently scheduled

8    to close on December 18, 2020, with a dispositive motion filing deadline of

9    January 6, 2021, and trial set to begin April 26, 2021.

10   **B.    Plaintiffs' Each Make False Statements under Oath.**

11   On March 30, 2020, Wells Fargo served Plaintiffs with Defendant's First

12   Set of Interrogatories and Requests for Production to Plaintiffs.[2]   Plaintiffs

13   emailed their responses on May 21, 2020.   In their responses, Plaintiffs

     unequivocally stated that they did not have **any** social media accounts:

14

15       REQUEST FOR PRODUCTION NO. 6: Please produce a
         complete, unaltered printout of the personal account profile, or
16       any part thereof, that you have on any blogs, websites and/or social
         media or networking platforms, including but not limited to the
17       websites www.facebook.com, or "Facebook," www.twitter.com,
         or "Twitter," www.instagram.com, or "Instagram,"
18       www.myspace.com, or "MySpace," or "LinkedIn"
         www.linkedin.com whether or not designated as "public," that

19

20   [1] Declaration of Catharine Morisset Dated 10/22/20 ¶ 3, Ex. A *Bret Gardner*

21   *Deposition* (9/22/20) at 105:11-17, filed concurrently.

22   [2] Morisset Dec. ¶ 5.

23
     DEFENDANT'S MOTION TO DISMISS                    <span>FISHER & PHILLIPS LLP<br>1201 THIRD AVENUE, SUITE 2750<br>SEATTLE, WA 98101</span>
24   (19-00207) - Page 3                              <span>Phone: (206) 682-2308 Fax: (206) 682-7908</span>

25   FP 38856716.3

1  relates in any way to the Defendant, or any other employee or
2  former employee of Defendant, or any of your claims or the
   Defendant's defenses in this lawsuit. [For your convenience,
3  directions to download your Facebook profile may be found at
   https://www.facebook.com/help/212802592074644.]

4  ANSWER:

5  **N/A - I do not have any personal social media or networking
6  accounts**.[3]

7  And despite plenty of opportunities to provide copies of electronic or

8  written communications with Ms. Muraoka, Plaintiffs provided none. When asked

9  in Interrogatory No. 4 about communications with witnesses "with whom you

10  have had contact or communication regarding any of the events or claims at issue

11  in this case, either before or after you filed your lawsuit," Plaintiffs identified Ms.

   Muraoka.  In the related request for a "copy of each document that supports or

12  relates to your answer" to this interrogatory, the answer was:

13  **N/A – Plaintiff produced all responsive documents in her
   possession, custody and control in her initial disclosures [sic].**
14
15  Plaintiffs produced no Facebook or other social media posts or messages

16  whatsoever with their Initial Disclosures or their responses or supplemental

17  responses.[4]  Plaintiffs' response to Interrogatory No. 5 and the related Request for

18  Production was similarly deceptive and incomplete. It asked for identification of

   "every person (other than . . . attorneys) with who you communicated about, or

19  with whom you in any manner discussed, the allegations set forth in your

20  _____

   [3] Morisset Dec ¶ 6, Ex. B
21
   [4] Morisset Dec. ¶ 6, Ex. B at Interrogatory No. 4 and RFP No. 2.
22

23
   DEFENDANT'S MOTION TO DISMISS                    FISHER & PHILLIPS LLP
24  (19-00207) - Page 4                              1201 THIRD AVENUE, SUITE 2750
                                                     SEATTLE, WA 98101
                                                     Phone: (206) 682-2308 Fax: (206) 682-7908
25  FP 38856716.3

Complaint," Plaintiffs again identified Ms. Muraoka.  In response to the related Request for Production seeking documents that supported or related to this answer, Plaintiffs responded only "N/A." [5]  And finally, in response to Request for Production No. 5 seeking "any written or electronic correspondence, text messages, voice recordings, or emails, whether written, typed or stored in any way between you and any current or former employee of Defendant that relate to any of the claims, allegations, or damages," Plaintiffs responded:

> **N/A – Plaintiff produced all responsive documents in her possession, custody and control in her initial disclosures [sic].**[6]

Two months later, in communications regarding questions about whether Plaintiffs' responses were complete, Plaintiffs' counsel confirmed in an email that Plaintiff Lynne Gardner does not have a Facebook account.[7]

Wells Fargo next took Plaintiff Lynne Gardner's deposition on August 14, 2020.  Plaintiff testified under oath that she did not have a Facebook account and regarding her communications with Ms. Muraoka, she testified:

> Q:   […] Do you and Bonnie correspond via e-mail?
>
> A:   No. Just something like this. Back when we were working, she was admin and I was working in – we did, but it was usually around system access or onboarding, something like that.  That

---

[5] Morisset Dec ¶ 6, Ex. B at Interrogatory No. 5 and RFP No. 3.

[6] Morisset Dec ¶ 6, Ex. B at Interrogatory No. 4 and RFP No. 5.

[7] Morisset Dec. at ¶ 6, Ex. C.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 5

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

was the extent of it, until, you know, things started going kind of odd and I reached out.  We don't do a lot of e-mailing.  We do a little bit of text.  We've actually developed some sort of wonky friendship through text messaging.  Nothing other than calling some guy a dinosaur is about the extent of it.  It could be a whole lot worse.  But, you know, we talk by phone because I like to talk by phone.  I'm not much for e-mail, ***and Facebook, I don't have.***  And Instagram, I wouldn't have an idea about that.[8]

Wells Fargo soon discovered, all of the above were outright falsehoods.

On August 21, 2020, Wells Fargo served former employee Bonnie Muraoka with a subpoena to be deposed and for records.  The subpoena for records specifically sought:

Any written or electronic communications, such as written correspondence, text messages, Facebook messenger messages, voice recordings, or e-mails, whether written, typed, or recorded or stored in any way (including digital/electronic recording), between [Bonnie Muraoka] and Lynne Gardner for the period of June 1, 2016 to present.[9]

Ms. Muraoka produced responsive documents to Wells Fargo's subpoena on September 8, 2020.  **Included were several Facebook messenger communications** with an individual named "Sophia Lynette Gardner."[10]  Defense counsel recognized Ms. Gardner from the picture of the account holder; Mr.

---

[8] Morisset Dec. ¶ 7, Ex. D *Deposition of Tommye Lynne Gardner* (8/14/20) at 204:4-19 (emphasis added).

[9] Morisset Dec. ¶ 8, Ex. E.

[10] Morisset Dec. ¶ 9, Ex. F.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 6

FP 38856716.3

Gardner later confirmed it was his wife's account and a name she used.[11]  It even appears that Plaintiff Lynne Gardner sent some of the messages to Ms. Muraoka **during** her August 14, 2020 deposition.[12]  They also included a communication about the instant lawsuit.[13]

Ms. Gardner was not the only plaintiff who sought to deceive Wells Fargo. Through Plaintiff Bret Gardner's deposition on September 22, 2020, it learned that he also failed to provide accurate information about his social media presence.  Contrary to the written discovery responses and his wife's deposition testimony, during his deposition, he testified that (1) he had a Facebook and LinkedIn account; (2) that his wife, Plaintiff Lynne Gardner, had a Twitter account; and (3) that he did not know whether his wife had a Facebook account because she told him Wells Fargo did not allow its employees[14] to have Facebook accounts:

---

[11] Morisset Dec. ¶ 3, Ex. A: _228:13- 229:12.

[12] Morisset Dec. ¶ 9, Ex. F at MURAOKA 0171-73.

[13] *Id*., Ex. F at MURAOKA 0189.

[14] Putting aside that Mr. Gardner's statement about Wells Fargo's policies is hearsay, it is false.  It is wholly incorrect that Wells Fargo prohibits its employees from having personal Facebook accounts, or any social media account. Declaration of Kristin DeKeyser in Support of Defendant's Motion to Dismiss ¶3-5, filed concurrently.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 7

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

1    Q:    Mr. Gardner, do you have any social media?

2    A:    As in Twitter or something like that?

3    Q:    Yeah, Twitter, Facebook, Instagram, Snapchat, LinkedIn.
That's all the ones I can spew off the top of my head.

4

5    A:    I've had – I do have an ongoing LinkedIn account.  I haven't
really updated it much, but – I don't really go there.  But I don't

6    have any of the other stuff, Snapchat. I don't do Facebook or
anything like – I think I used to have an account, but I don't even

7    think it's current anymore. It may still be there.

8    […]

9
Q:    Have you looked at your Facebook or your LinkedIn at any
10    point since January 2019 to see whether or not there were
documents relevant to this litigation.
11

12    A:    Oh, no, I haven't

13    […]

14    Q:    All right. To your understanding, Mr. Gardner, does your
wife have any social media?
15

16    A:    I don't really pay attention to that.  I think she had a Twitter
account, you know, so she could tweet, and I think she deleted

17    that.  But other than that, I don't – I don't know what else she has.

18    […]

19    Q:    I just want to be clear.  So at some point your wife told you
she was not permitted to have a Facebook account because of her
20    job. Is that what you're saying?

21
A:    That was my understanding, yeah.
22                                    […]

23
DEFENDANT'S MOTION TO DISMISS
24    (19-00207) - Page 8

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

25    FP 38856716.3

Q:    But she's never – do you know whether she has a Facebook account?

A:    No, I don't know. I never see her on a Facebook account , so I don't know.[15]

Despite this testimony, after he was shown a picture of his wife's Facebook account that Wells Fargo had received from Ms. Muraoka, Bret Gardner admitted that he knew his wife **did have** a Facebook account under the pseudonym Sophia Lynette Gardner:

Q:    It's your testimony that you knew that this Facebook account existed?

A:    Yeah, I – I have to say yeah now that I think about it.  But, yeah, I knew about the dummy account.[16]

Mr. Gardner also confirmed that his wife was wearing a wig in the photograph.[17] As with Ms. Gardner, Wells Fargo only learned of Mr. Gardner's deception because Ms. Muraoka responded to her subpoena.

## C.    The Parties Conferred About Plaintiffs' Discovery Abuses.

On October 5, 2020, the parties conferred about Plaintiffs' false testimony regarding social media and communications with Ms. Muraoka.[18]  Wells Fargo's

---

[15] Morisset Dec, Ex. A at 105:18 – 106:3; 107:1-4; 107:7-12; 108:12-16.

[16] *Id.* Ex. A at 229:15-18.

[17] *Id.* at 230:14-15 (regarding Exhibit 4).

[18] Morisset Dec. ¶ 10.

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

counsel asked what Plaintiffs intended to do given these misrepresentations, which Plaintiffs' counsel acknowledged had occurred.  Wells Fargo shared that it would seek sanctions, including dismissal, in light of their false testimony and concealment of potential evidence.[19]  Plaintiffs' counsel asked for time to confer with her clients, eventually responding that Plaintiffs would not dismiss their claims.[20]  Instead, Plaintiffs' counsel stated she would produce (only) Plaintiff Lynne's Gardner's social media, would make Plaintiffs available "for additional deposition time" so long as the deposition was "strictly limited to questions about the social media information being produced[,]" and invited Wells Fargo "to bring any motion it intends to bring on this issue[.]"[21]  Wells Fargo's counsel responded

---

[19] *Id.*

[20] Morisset Dec. ¶ 11, Ex. G.

[21] *Id*.  Plaintiffs' counsel also asked Wells Fargo to agree to a significant continuance related to the unfortunate, sudden passing of lead counsel Larry Kuznetz.  Wells Fargo and its counsel are sympathetic to the professional and personal challenges facing opposing counsel by this sad news.  As Wells Fargo shared with counsel, however, it believes that this request was premature. Plaintiffs' blatant discovery abuses should be addressed first, particularly as Wells Fargo believes that dismissal is the appropriate sanction. It did offer to revisit the issue after this anticipated motion would be decided.  Morisset Dec., Exh. G. The written discovery abuses, Ms. Gardner's testimony, and even Ms. Muraoka's

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 10

FP 38856716.3

that (1) Plaintiffs' proposals failed to remedy Plaintiffs' blatant concealment, (2) they were unreasonable as they would actually require Wells Fargo to incur additional attorneys' fees and costs despite  their admitted misconduct; and (3) Wells Fargo would be filing the instant motion for sanctions.  On October 20, 2020, Wells Fargo's counsel received a c.d. containing 1.15 gb of data.  It has not had time to review it meaningfully; at a minimum, however, Ms. Gardner has produced print outs from both the Facebook account disclosed by Ms. Muraoka and a **second** Facebook account under another pseudonym.[22]

### III.   EVIDENCE RELIED UPON

Defendant's Motion to Dismiss relies upon the Declaration of Catharine Morisset in Support of Defendant's Motion to Dismiss with attached exhibits thereto, and the Court's file and record herein.

### IV.   STATEMENT OF ISSUES

Whether Plaintiffs' claims should be dismissed as a sanction for their multiple, blatant mispresentations in written discovery and deposition testimony

---

subpoena response all pre-date Mr. Kuznetz's illness and passing.  Plaintiffs nonetheless filed a motion for a continuance (ECF No. 25). Wells Fargo's response is due October 28, 2020.

[22] Morisset Dec. ¶ 10.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 11

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

1  regarding their own discoverable social media presence and communications with

2  at least one witness?

### V.    ARGUMENT

**A.    This Court Has the Inherent Power to Dismiss Plaintiffs' Claims Because of Their False Testimony.**

Plaintiffs' unequivocally false testimony under penalty of perjury in their discovery responses and depositions warrants dismissal of their claims.  Under both Civil Rule 37 and its inherent authority, this Court has the discretion to impose "a wide range of sanctions," and dismissal with prejudice is authorized "where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir.1983). *See also* FRCP 37(b)(2)(A)(v). Before deciding to dismiss Plaintiffs' claims in its inherent authority, courts should weigh various factors such as (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake. *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988).  In addition to (3) and (5), under Rule 37, the Court should consider the public policy favoring disposition of cases on their merits, the public's interest

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

in expeditious resolution of litigation, and the court's need to manage its docket. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). While these factors provide "a way for a district judge to think about what to do," they are "not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). Nevertheless, all of these factors support dismissal of Plaintiffs' claims.

## B.    False Testimony and Deliberate Concealment of Documents Both Show "Extraordinary Circumstances" to Warrant Dismissal.

"A district court has the discretion to impose the extreme sanction of dismissal where there has been 'flagrant, bad faith disregard of discovery duties.'" *Porter v. Martinez,* 941 F.2d 732, 733 (9th Cir. 1991). For example, in *Englebrick v. Worthington Indus., Inc.*, 620 Fed. Appx. 564 (9th Cir. 2015), the court held that the trial court did not abuse its discretion in dismissing a product liability case as sanction where plaintiff consumers repeatedly lied under oath about their personal drug use, when the issue of whether the product was used to cook drugs was key to the defense. In *Wyle*, 709 F.2d at 589, the Ninth Circuit upheld dismissal of a complaint under the court's inherent power where plaintiff's denials of material fact were knowingly false, and plaintiff willfully failed to comply with discovery orders. In *Anheuser-Busch, Inc.,* 69 F.3d at 348, the court affirmed dismissal of the defendant's counter claim because it had "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" when

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 13

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

its representative falsely testified that the opposing party had been "provided every existing piece of paper in [its] custody and control" and that other discoverable records had been destroyed in a fire.

Here, the facts are unequivocal: Ms. Gardner deliberately concealed that she had a Facebook account through which she communicated with a key witness – including at least once mentioning this case.   Ms. Gardner deliberately concealed discoverable information when answered "N/A" to multiple requests for production and falsely stated she had "produced all responsive documents in her possession, custody and control in her initial disclosures."[23]  Wells Fargo had no idea – and still has no idea despite her last minute production – what other posts or communications might exist relevant to liability issues, Ms. Gardner's claimed emotional distress, or her husband's purported loss of consortium.  Mr. Gardner concealed, and equivocated about, his own presence on social media and that of his wife's, altering his testimony when he was shown a print out from his wife's Facebook.  Again, Wells Fargo had no idea – and still has no idea – what other posts or communications might exist relevant to his claims or his wife's claims.   Such misconduct presents clear examples of "extraordinary circumstances" warranting dismissal.  Plaintiffs' deliberate, obvious, and flagrant falsehoods regarding social media presence, including use of the same to

---

[23] Morisset Dec., Ex. B. Interrogatory Nos. 4,5 and RFP Nos. 3, 5.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 14

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

communicate with at least one witness mentioning the case, shows an extraordinary disregard of their discovery obligations and supports dismissal.

## C.    A Merits-Based Disposition Cannot be Reached Due to Plaintiffs' Deliberate Concealment.

Wells Fargo would not have discovered Plaintiffs' falsehoods had it not subpoenaed a potential third-party witness.  Dismissal is an appropriate sanction where the transgression "threaten[s] to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591. "There is no point to a lawsuit, if it merely applies law to lies. True facts must be the foundation for any just result." *Valley Engineers Inc.*, 158 F.3d at 1058.

By concealing any social media presence through false discovery responses and testimony, Plaintiffs withheld critical evidence from Wells Fargo and impaired its ability to conduct full and fair discovery into information "reasonably calculated to lead to the discovery of admissible evidence."  FRCP 26(b)(1). Plaintiffs made no objection to the written requests or deposition questions regarding their social media presence,[24] and thus have waived any objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Even without this waiver, courts recognize that communications on social media, social media posts, and shared photos/videos may be highly relevant to

---

[24] Morisset Dec. ¶ 4, Exhibit B.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 15

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

proving or disproving both liability, especially if used to communicate with witnesses, but also plaintiffs' claims of emotional distress damages, such as other sources of emotional distress. *See Maurice v. Allstate Ins. Co.,* 2:19-CV-1837-JCC-DWC, 2020 WL 4339256, at *5 (W.D. Wash. July 28, 2020) (ordering production of plaintiffs' social media posts and records); *Soderstrom v. Skagit Valley Food Co-op*, C18-1707 MJP, 2019 WL 3944327, at *2 (W.D. Wash. Aug. 21, 2019) (same).

There is also no doubt that Plaintiffs' discovery responses and testimony unequivocally misrepresented their social media use and existence of communiations with Ms. Muraoka. Wells Fargo only became aware of Ms. Gardner's Facebook accounts, including at least one message with Ms. Muraoka about this case, because it subpoenaed Ms. Muraoka. Had Wells Fargo not done so, it is likely this falsehood would never have been discovered. Moreover, Wells Fargo does not know whether other important evidence may be found on Plaintiffs' Facebook, Twitter, and LinkedIn accounts. And even if such records have been produced in yesterday's data dump, Wells Fargo is left with the uncertainty as to what else – or how much - Plaintiffs have concealed. Plaintiffs' decision to lie and say they did not have social media has directly delayed and prejudiced Wells Fargo's ability to litigate this case, including exploring Plaintiffs' claimed emotional distress.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 16

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 38856716.3

1  **D.**     **There Are No Less Drastic Sanctions That Would Cure Plaintiffs'**

2          **Discovery Abuses Without Prejudicing Wells Fargo.**

3          When considering the prejudice to Defendant, the Court must "look [ ] to

4  whether the spoiling party's actions impaired the non-spoiling party's ability to

5  go to trial or threatened to interfere with the rightful decision of the case." *Leon*

6  *v. IDX Systems Corp.,* 464 F.3d 951, 959 (9th Cir.2006).  "A defendant suffers

7  prejudice if the plaintiff's actions impair the defendant's ability to go to trial or

8  threaten to interfere with the rightful decision of the case." *Howell v. Holland Am.*

9  *Line USA Inc*., C13-0730JLR, 2014 WL 5325225, at *8 (W.D. Wash. Oct. 17,

10  2014) (citing *Adriana In'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990)).

11          Lesser sanctions – such as forcing Wells Fargo to extend discovery, delay

12  trial, re-depose plaintiffs, and even delay further depositions – are unjust and

13  inadequate. While Wells Fargo is understanding of the stated reasons that

14  Plaintiffs' counsel has sought a continuance (see FN 16), Plaintiffs should not be

15  allowed to benefit from their counsels' need for extra time – especially at Wells

16  Fargo's expense.  Plaintiffs should not be allowed to benefit from their own

17  misconduct by forcing Wells Fargo to extend discovery to allow time to "cure"

18  their perjury.  The Ninth Circuit "has squarely rejected the notion that a failure to

19  comply with the rules of discovery is purged by belated compliance." *Anheuser-*

20  *Busch, Inc.,* 69 F.3d at 354 (rejecting sanctioned party's argument that it could

21  simply tender the concealed documents after the first trial but before the second).

22  *See also generally National Hockey League v. Metropolitan Hockey Club, Inc.,*

23

24  DEFENDANT'S MOTION TO DISMISS
     (19-00207) - Page 17

25  FP 38856716.3

427 U.S. 639, 643 (1976) (per curiam) (explaining that belated compliance with discovery orders does not preclude the imposition of sanctions).

Forcing Wells Fargo to complete discovery after it has time to review late, purported, "full disclosures," prejudices its ability to defend against Plaintiffs' claims and prepare for trial – even if it does receive full and complete disclosures of Plaintiffs' social media posts and communications. So does Plaintiffs' insistence that Wells Fargo re-depose them and any additional deposition questions be "strictly limited to questions about the social media information being produced."[25]  It is also unreasonable for Plaintiffs to expect Wells Fargo to incur all related costs, including attorney's fees, caused by their falsehoods and concealment. FRCP 37(d)(3). Most importantly, Wells Fargo has no idea of telling what it just received is complete.  Even if Plaintiffs had provided verified, supplemental responses, Wells Fargo cannot trust the disclosures are complete when Plaintiffs have repeatedly disregarded their oath to tell the truth.  "Dismissal is appropriate where a pattern of deception and discovery abuse [make] it impossible for the district court to conduct a trial with any reasonable assurance that the truth would be available." *Valley Engineers Inc.,* 158 F.3d at 1057 (citing *Anheuser–Busch, Inc.,* 69 F.3d at 352).  The facts here fail to show an inadvertent mistake.  They instead show multiple instances of deliberate

---

[25] Morisset Dec., Exhibit G (Ms. Harmon's October 12, 2020 email).

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 18

FP 38856716.3

concealment.  Sanctions short of dismissal would fail to remedy the situation caused by Plaintiffs' sworn falsehoods.

**E.**  **The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket Weigh in Favor of Dismissal.**

The public interest in expeditious resolution and the Court's need to manage its docket also favor dismissal of Plaintiffs' claims.  Plaintiffs' failure to truthfully respond to Defendant's discovery requests and false testimony at their depositions – if "cured" by giving Plaintiffs extra time to "fix" their mispresentations and concealment – will delay the progress of this litigation. They have already impeded discovery. The Court has already granted two stipulated motions to continue this matter to allow the parties to conduct discovery, largely based on the understandable challenges presented by the COVID-19 pandemic.[26]  If Plaintiffs' claims are not dismissed (as they should be), there will no expeditious resolution of this matter and discovery - and likely trial - will be even further delayed.  Wells Fargo would have no choice but to prepare for and re-depose both Plaintiffs, including an analysis of Plaintiffs' social media communications to see whether additional written discovery and depositions are needed and even made need to seek additional time to attempt to mitigate against the effects of Plaintiffs' misrepresentations.  This means Plaintiffs' misconduct has "control[ed] the pace of the docket rather than the

---

[26] ECF 24, *Second Amended Jury Trial Scheduling Order*.

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 19

Court;" such a result favors dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs have flagrantly disregarded their discovery obligations. Plaintiffs' deceptive actions in concealing the existence of their social media, and lying about the same under oath, have now needlessly stalled this matter. These factors also show that Plaintiffs' claims should be dismissed.

## VI.   CONCLUSION

Plaintiffs demonstrated that they have no regard for their sworn oath to tell the truth and they cannot be trusted to testify truthfully at trial. Their deliberate concealment means Wells Fargo has been denied discovery and a fair opportunity prepare its defenses. For all of the foregoing reasons, Defendant's Motion to Dismiss should be granted and all of Plaintiffs' claims should be dismissed with prejudice.

DATED this 21st day of October 2020.

FISHER & PHILLIPS, LLP
By:  s/ *Catharine M. Morisset*
Catharine M. Morisset, WSBA #29682
Margaret Burnham WSBA #47860
FISHER & PHILLIPS LLP
1201 Third Avenue, Suite 2750
Seattle, WA 98101
cmorisset@fisherphillips.com
mburnham@fisherphillips.com
*Attorneys for Defendant*

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 20

FP 38856716.3

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Sarah N. Harmon, WSBA #46493
POWELL, KUZNETZ & PARKER, P.S.
318 W. Boone Ave., Ste. 380
Spokane, WA 99201-4151
Phone:  509-455-4151
Fax:  509-455-8522
Email:      sarah@pkp-law.com
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed October 21, 2020, at Seattle, Washington.

_____
Jazmine Matautia

DEFENDANT'S MOTION TO DISMISS
(19-00207) - Page 21

FP 38856716.3

FISHER & PHILLIPS LLP
1201 THIRD AVENUE, SUITE 2750
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908