UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNNE GARDNER and BRET GARDNER, husband and wife,<br><br>                           Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, NA,<br><br>                           Defendant. | NO. 2:19-CV-0207-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS |

BEFORE THE COURT is Defendant's Motion for Dismissal Sanctions styled as a Motion to Dismiss (ECF No. 27).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein, the completed briefing and is fully informed.  For the reasons discussed below, Defendant's Motion for Dismissal Sanctions (ECF No. 27) is **DENIED.**

## BACKGROUND

This case concerns alleged workplace discrimination that Plaintiff Lynne Gardner experienced while employed by Defendant between June 2016 and

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 1

August 2017. ECF No. 1 at 2-9, ¶¶ 3.1-3.28. Ms. Gardner and her husband, Bret Gardner, filed a Complaint on June 12, 2019 seeking economic and non-economic damages. ECF No. 1 at 12. This motion pertains to alleged discovery abuses.

Defendant served its First Set of Interrogatories and Requests for Production to Plaintiffs on March 30, 2020. ECF Nos. 27 at 3, 37 at 2. Plaintiffs delivered their initial responses on May 21, 2020. *Id.* Plaintiffs supplemented their answers on June 30, 2020, and again on July 22, 2020, following two rounds of meet and confer. ECF No. 37 at 3. Defendant deposed Plaintiff Lynne Gardner on August 14, 2020 and Plaintiff Bret Gardner on September 22, 2020. ECF No. 37 at 4.

In her discovery responses, Ms. Gardner identified Bonnie Muraoka as a person with whom she discussed the allegations set forth in the Complaint. ECF No. 29-2 at 8. Defendant served Ms. Muraoka with a subpoena to be deposed and for records on August 21, 2020. ECF No. 27 at 6. On September 8, 2020, Ms. Muraoka produced responsive documents, including Facebook Messenger communications from a "Sophia Lynette Gardner." *Id.* Defendant's counsel recognized Plaintiff Lynne Gardner in the account profile picture. *Id.* Some of the communications sent from "Sophia Lynette Gardner" to Ms. Muraoka were date and time stamped August 14, 2020, the day of Ms. Gardner's deposition. ECF No. 27 at 7. None of the Facebook Messenger communications had been produced by

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 2

1   Plaintiffs; their discovery responses affirmatively denied the existence of personal

2   social media and networking accounts. ECF No. 29-2 at 12.

3         The circumstances of this case became more muddled between September

4   22, 2020 and October 21, 2020. First, Plaintiffs' lead counsel in this matter passed

5   away unexpectedly on September 22, 2020, the same day Mr. Gardner was

6   deposed. ECF No. 37 at 4. The social media accounts, and Plaintiffs' knowledge

7   thereof, were revealed in Mr. Gardner's deposition. ECF No. 27 at 7. On October

8   12, 2020, Plaintiffs' counsel informed Defendant the social media accounts would

9   be produced "in full by the end of the week." ECF No. 29-7 at 2. In that same

10  email communication, Plaintiffs' counsel requested that Defendant stipulate to a

11  continuance due to the unexpected death; Defendant declined. *Id*. Plaintiffs then

12  filed a Motion to Continue on October 14, 2020. ECF No. 25. Plaintiffs delivered

13  the promised discovery loaded onto a CD to Defendant on October 20, 2020. ECF

14  No. 37 at 4.

15        Next, Defendant filed the instant motion on October 21, 2020. ECF No. 27.

16  Defendant stated it had "not had time to review meaningfully" the contents of the

17  CD before filing the motion, despite knowing a continuance was pending before

18  the Court. ECF No. 27 at 11. Defendant then filed its opposition to Plaintiffs'

19  Motion to Continue on October 28, 2020. ECF No. 30. The Court granted the

20  Motion to Continue on November 9, 2020 and issued an Amended Jury Trial

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL
SANCTIONS ~ 3

1  Schedule.  ECF Nos. 35, 36.  Discovery is now set to close on April 23, 2021.

2  ECF No. 36 at 2.

3       In the instant motion, Defendant moves the Court to dismiss Plaintiffs'

4  claims as a sanction for Plaintiffs' alleged concealment of relevant evidence.  ECF

5  No. 27.  Plaintiffs oppose dismissal on the grounds that the alleged concealment

6  was unintentional, and dismissal is too severe a punishment under the

7  circumstances.  ECF No. 37 at 1-2.

## DISCUSSION

### I.   Legal Standard

Defendant moves the Court for dismissal sanctions following the alleged perjury in Plaintiffs' discovery responses and deposition testimony regarding the existence of social media accounts.  ECF No. 27 at 12.  District courts have two sources of authority to sanction a party who fails to comply with the rules of discovery: Rule 37 or a court's inherent powers.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  Rule 37 authorizes courts to dismiss an action where a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(v).  This Court has not issued an order relating to discovery in this matter; thus Rule 37 is inapplicable.  The Court finds its inherent power is the proper authority for this motion.

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 4

District courts possess inherent powers to dismiss an action as a sanction where "a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon*, 464 F.3d at 958 (internal quotations and citation omitted). However, due process limits dismissal sanctions to "extreme circumstances in which the deception relates to the matters in controversy." *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations and citation omitted). Such sanctions are prohibited "merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Id.* (internal quotations and citation omitted).

Over time, two different sets of factors have developed in the Ninth Circuit to guide district courts in their evaluations of dismissal sanctions. *Jackson v. Microsoft Corp.*, 211 F.R.D. 423, 430 (W.D. Wash. 2002), *aff'd,* 78 Fed. Appx. 588 (9th Cir. 2003). The parties each cite to a different set of factors. Defendant's cited factors require courts to consider:

> (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake.

*Halaco Engr. Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988). Adverse findings under these factors would weigh in favor of dismissal. *Englebrick v. Worthington*

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 5

1  *Industries, Inc.*, 944 F. Supp. 2d 899, 909 (C.D. Cal. 2013), *aff'd,* 620 Fed. Appx.
2  564 (9th Cir. 2015).

3      The factors cited by Plaintiff require courts to consider: "(1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its
5  dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public
6  policy favoring disposition of cases on their merits; and (5) the availability of less
7  drastic sanctions." *Leon*, 464 F.3d at 958. In this analysis, the first two factors
8  may weigh in favor of dismissal while the fourth factor weighs against dismissal.
9  *Jackson*, 211 F.R.D. at 431. The key factors under this analysis are prejudice and
10 the availability of lesser sanctions. *Id*. (quoting *Wanderer v. Johnston*, 910 F.2d
11 652, 656 (9th Cir. 1990)).

12     Neither set of factors have been construed as a rigid test or "a series of
13 conditions precedent" that must be met before courts can impose sanctions. *Valley*
14 *Engineers Inc. v. Electric Engr. Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Rather,
15 they are merely "a way for a district judge to think about what to do." *Id*.
16 Regardless of which factors are applied here, dismissal sanctions are not
17 appropriate at this time. The factors below are those most relevant to the present
18 circumstances.

19 //

20 //

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL
SANCTIONS ~ 6

### A. Extraordinary Circumstances; Willfulness, Bad Faith, or Fault

Defendant claims Plaintiffs' false testimony and concealment of documents demonstrates extraordinary circumstances. ECF No. 27 at 13. The Court disagrees. The cases cited by Defendant involved repeated instances of lying or concealment of facts that were material to the outcome of the litigation. *See Englebrick*, 944 F. Supp. 2d at 909 (imposing dismissal sanctions where plaintiffs repeatedly lied about their drug addiction and use of the defendant's product to cook methamphetamine, which were essential facts to the defense of the case); *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 590 (9th Cir. 1983) (upholding dismissal sanction where plaintiffs and their law firm deliberately deceived the court regarding the payment of illegal rebates, which was the subject of the defendant's counterclaim); and *Anheuser-Busch, Inc. v. Nat. Bev. Distributors*, 69 F.3d 337, 350-51 (9th Cir. 1995) (upholding dismissal sanction where the defendant "repeatedly lied to Anheuser and to the court throughout every phase of [the] litigation" about business documents that were "directly relevant to Anheuser's discovery requests").

Here, Defendant argues Plaintiffs' failure to disclose the social media accounts in written answers to discovery requests and oral deposition testimony establishes "clear examples of 'extraordinary circumstances' warranting

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 7

1  dismissal." ECF No. 27 at 14.  Plaintiffs claim any withholding was not done in

2  bad faith but was unintentional due to ignorance.  ECF No. 37 at 13-17.

3        Plaintiff Lynne Gardner first denied having any social media or networking

4  accounts in response to Defendant's first set of discovery requests.  ECF No. 29-2

5  at 12.  Ms. Gardner also stated under oath at her August 14, 2020 deposition that

6  she did not have a Facebook account.  ECF No. 29-4 at 4.  In response to the

7  instant motion, Ms. Gardner stated in a declaration she did not realize her

8  Messenger app was connected to a Facebook account until a staff member at her

9  legal counsel's office explained the connection to her.  ECF No. 39 at 2, ¶ 6, at 3,

10 ¶ 10.  Ms. Gardner maintains at the time of her deposition she did not know she

11 had a Facebook account connected to her Messenger account and that her answers

12 were honest and truthful based on her understanding at the time.  ECF No. 39 at 5,

13 ¶ 15.

14       Ms. Gardner's proffered explanation is troubling given the evidence

15 presented by Defendant.  The evidence was taken from the CD produced by

16 Plaintiffs on October 20, 2020 and contains social media messages from the

17 "Sophia Lynette Gardner" Facebook account, now known to belong to Ms.

18 Gardner, and Ms. Gardner's LinkedIn account.  ECF No. 41 at 2, ¶ 6.  In at least

19 one message dated August 3, 2020, Ms. Gardner admits being "new to Facebook,"

20 which clearly demonstrates she did in fact know she had a Facebook account.  ECF

No. 41-5 at 2.  Moreover, in the same message, Ms. Gardner claims she used the name "Sophia Lynette Gardner" as "a dummy name" because "Bret's job with DOD doesn't allow" Facebook.  *Id.*  That statement contradicts Plaintiff Bret Gardner's sworn deposition testimony in which he claims Ms. Gardner told him *she* was not permitted to have a Facebook account due to *her* job.  ECF No. 29-1 at 6-7.  It also contradicts the explanation provided in her declaration to support her response to this motion in which she states she set up the "dummy" account under the alias "to test out the name Sophia."  ECF No. 39 at 2, ¶ 7.

Based on the evidence before the Court, it is clear Plaintiff Lynne Gardner was aware that she had a Facebook account as of August 3, 2020,[1] and was subsequently concealing the account.  Her reasons for concealing the account are unclear.  Any statement after August 3, 2020 denying knowledge of her Facebook account, including the August 14, 2020 deposition testimony and November 12, 2020 declaration, are known falsehoods.  This behavior demonstrates willfulness and bad faith, which weighs in favor of dismissal sanctions.

---

[1] Defendant has presented other communications from Ms. Gardner's Facebook profile dating back to April 2020.  *See, e.g.*, ECF No. 41-5 at 51.  However, it is unclear from the evidence presented whether Ms. Gardner knew at that time she was communicating via Facebook or LinkedIn.

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 9

1    Defendant also claims Plaintiff Brett Gardner "failed to provide accurate
2 information about his social media presence." ECF No. 27 at 7. Defendant's
3 evidence to support this allegation is less persuasive. Mr. Gardner stated in his
4 deposition testimony that he had a LinkedIn and Facebook account, but did not
5 update or use them frequently. ECF No. 29-1 at 4-5. Plaintiffs claim they did not
6 disclose those accounts in their initial responses to written discovery requests
7 because "they never even considered Mr. Gardner's social media as his would be
8 completely unrelated to Wells Fargo." ECF No. 37 at 16. Defendant has not
9 produced evidence that would suggest otherwise.

10   When asked about his wife's social media presence during his deposition,
11 Mr. Gardner recalled his wife having a Twitter account, but thought it had been
12 deleted. ECF No. 29-1 at 6. He then stated he did not know whether Ms. Gardner
13 had any other social media accounts. ECF No. 29-1 at 7. When he was presented
14 with a printout of a Facebook account bearing a picture of Ms. Gardner wearing a
15 wig, he recalled "her saying something about . . . a dummy account under a
16 different name." ECF No. 29-1 at 9-10. After reviewing the deposition transcript,
17 the Court is not convinced Mr. Gardner was intentionally concealing his or his
18 wife's social media accounts. *See* ECF No. 29-1. His testimony is more reflective
19 of a person who does not engage with social media frequently. Thus, the Court
20 does not find this evidence supports a finding of willfulness, bad faith, or fault.

Despite Ms. Gardner's willfulness and bad faith, the Court is not persuaded her behavior raises to the level of extraordinary circumstances that support dismissal sanctions. The parties have engaged in only one round of written discovery and discovery is not due to close until April 23, 2021. ECF Nos. 37 at 11, 36 at 2. Defendant has not presented any other evidence of Plaintiffs' attempts to withhold relevant information. Consequently, Ms. Gardner's concealment of her social media accounts at this early stage in the litigation, while concerning, does not present a pattern of behavior that warrants dismissal.

### B.     Relationship to the Matters in Controversy

The relationship between the misconduct at issue and the matters in controversy is critical for the imposition of dismissal sanctions. *Englebrick,* 944 F. Supp. 2d at 911. Defendant argues the social media evidence is directly relevant to Plaintiffs' claims for loss of consortium and emotional distress, and relevant to Plaintiffs' motivation for filing this action. ECF No. 40 at 12. To support this argument, Defendant points to Ms. Gardner's communications with other men about the stress on her marriage due to moving, the stress caused by the current political situation and the pandemic, statements about wanting to retire, and LinkedIn messages about Wells Fargo's "scandals." *Id*. Defendant has not provided any evidence from Mr. Gardner's social media accounts.

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 11

1    After reviewing the evidence, the Court finds Defendant has not established

2  a relationship between the conduct at issue and the matters in controversy.  The

3  central issues of this case relate to alleged age and gender discrimination

4  experienced by Ms. Gardner during her employment with Defendant.  The

5  communications appear to be mundane personal conversations about politics,

6  memes, and the Gardners' personal lives, all of which are unrelated to the central

7  issues of this case.  *See* ECF No. 41-5.  They do not mention Defendant, Ms.

8  Gardner's employment experiences, or any of her claims in this matter.

9    Even Ms. Gardner's communications with witness Ms. Muraoka do not

10  appear particularly relevant.  For example, only one of the cellphone texts between

11  Ms. Gardner and Ms. Muraoka mentions this case but lacks any other relevant

12  information.  ECF No. 29-6 at 6.  None of the Facebook messages between Ms.

13  Gardner and Ms. Muraoka contain information related to this case, even those

14  messages that were allegedly sent during Ms. Gardner's deposition.  ECF No. 29-6

15  at 2-5.  The LinkedIn messages are likewise devoid of any relevant information;

16  rather they appear to be unsolicited spam messages.  ECF No. 41-5 at 46.

17    Moreover, the presented evidence is not particularly responsive to

18  Defendant's written discovery requests.  Defendant's Request for Production No. 6

19  asks for

20
> a complete, unaltered printout of the personal account profile, or any part thereof, that you have on any blogs, websites and/or social media

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 12

or networking platforms . . . that relates in any way to the Defendant, or any other employee or former employee of Defendant, or any of your claims or the Defendant's defenses in this law suit.

ECF No. 29-2 at 11-12. The remaining discovery requests at issue relate to the identities of persons with whom Plaintiffs communicated about this case and any documents that support those communications, and any other documents that relate to any of the claims, allegations, or damages asserted in the Complaint. ECF No. 29-2. As currently presented, the contents of the social media messages do not relate in any way to Defendant, its employees, its defenses, or Plaintiffs' claims. Defendant has failed to draw a more meaningful connection. This failure to establish a clear relationship between Plaintiffs' concealment of social media accounts and the matters in controversy does not support dismissal.

### C. Prejudice; Court's Ability to Reach a Merit-Based Decision

Defendant has also failed to demonstrate how it has been or will be prejudiced by the concealment. Plaintiffs concede the course of discovery has been somewhat delayed by their conduct, but Defendant has not articulated any other prejudice. Prejudice, as it relates to discovery violations, occurs when the recalcitrant party's actions impair the other party's "ability to go to trial or threaten to interfere with the rightful decision of the case." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quotations and citation omitted). Stated another way, "there is no point to a lawsuit, if it merely applies law to lies" because "[t]rue

facts must be the foundation for any just result." *Valley Engineers Inc.*, 158 F.3d at 1058. Delay alone, without a focus on its effects, will not justify dismissal. *Wanderer*, 910 F.2d at 656.

Defendant claims it has been irreparably prejudiced because Plaintiffs' actions have interfered with the Court's ability to reach a rightful decision in this case. ECF No. 40 at 11. Defendant argues it cannot be sure if all pertinent evidence has now been provided, which frustrates its ability to litigate the case. ECF Nos. 27 at 16, 40 at 12. Plaintiffs assert such claims are conclusory and unsupported. ECF No. 37 at 11. Despite Ms. Gardner's untruthful behavior, the Court agrees with Plaintiffs. As noted above, Defendant has failed to establish a relationship between the social media accounts and the matters in controversy. Thus, the Court fails to see how the discovery of the accounts affects the outcome of this case. Under the present circumstances, Defendant has not demonstrated prejudice beyond a delay in discovery, which is insufficient for dismissal sanctions.

### D. Lesser Sanctions

Defendant maintains any sanction less than dismissal will not remedy Plaintiffs' misconduct and has not offered any lesser sanctions as an alternative. ECF Nos. 27 at 17; 40 at 13. Plaintiffs have agreed to avail themselves for further deposition on the social media issue, but Defendant maintains that remedy is

1  insufficient.  ECF No. 40 at 13.  Before imposing dismissal sanctions, a court must

2  provide "a reasonable explanation of possible and meaningful alternatives."

3  *Englebrick*, 944 F. Supp. 2d at 910 (citation omitted).  The Ninth Circuit evaluates

4  "whether the court explicitly discussed alternative sanctions, whether it tried them,

5  and whether it warned the recalcitrant party about the possibility of dismissal."

6  *Valley Engineers Inc.*, 158 F.3d at 1057 (citation omitted).

7      Lesser sanctions may include a warning, imposition of costs or attorney fees

8  upon the recalcitrant party or their counsel, extension of the discovery period,

9  preclusion of claims or defenses, or an adverse inference jury instruction.  *See, e.g.*,

10  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987); *Hester v.*

11  *Vision Airlines, Inc.*, 2:09-CV-00117-RLH, 2010 WL 4553449, at *6 (D. Nev.

12  Nov. 3, 2010), *aff'd,* 687 F.3d 1162 (9th Cir. 2012).  As previously stated, the

13  Court does not find dismissal sanctions appropriate at this time due to the early

14  stage in litigation, the lack of prejudice to Defendant, and the lack of a direct

15  relationship between the misconduct at issue and the merits of this case.

16      Nonetheless, Ms. Gardner's willful and bad-faith conduct is bothersome.

17  Plaintiffs and Plaintiffs' counsel are now on notice that should Plaintiffs'

18  untruthful behavior continue, or other deceptive and abusive litigation practices

19  come to light, the Court may impose sanctions including dismissal.

20

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL
SANCTIONS ~ 15

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Dismissal Sanctions (ECF No. 27) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** December 7, 2020.



Thomas O. Rice
THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS ~ 16