UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNNE GARDNER and BRET GARDNER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>Defendant. | NO. 2:19-CV-0207-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND AWARDING ATTORNEY FEES |

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration (ECF No. 55). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Reconsideration (ECF No. 55) is DENIED and the Court awards attorney fees to Defendant.

## BACKGROUND

This case concerns alleged workplace discrimination that Plaintiff Lynne Gardner allegedly experienced while employed by Defendant between June 2016

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND AWARDING ATTORNEY FEES ~ 1

and August 2017. ECF No. 1 at 2-9, ¶¶ 3.1-3.28. Following a dispute regarding costs and fees for the taking of Plaintiffs' second deposition, Defendant brought a Motion for Sanctions. ECF No. 47. The Court granted to motion on April 14, 2021, ordering Plaintiffs to pay the costs and fees for the court reporter during the second deposition as well as Defendant's costs and fees incurred for bringing the motion. ECF No. 52. The Court instructed Defendant to file a declaration supporting its costs and fees if the parties could not come to an agreement on the amount. *Id*. Defendant filed its Declaration on April 28, 2021 seeking $7,241.20 in fees. ECF No. 56.

Plaintiffs filed the present motion on April 28, 2021 asking the Court to reconsider its Order Granting Defendant's Motion for Sanctions, limited to the portion of the Order pertaining to Defendant's costs and fees associated with filing the motion. ECF No. 55.

## DISCUSSION

### I.    Motion for Reconsideration

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

On the other hand, Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Moreover, as cautioned in this Court's Scheduling Order, "[m]otions to reconsider are disfavored" and "must

show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 36 at 6–7.

Plaintiffs argue reconsideration is appropriate because the Court ultimately adopted Plaintiffs' position regarding the scope of the deposition and because Defendant did not brief the issue of scope in its Motion for Sanctions. ECF No. 55 at 2. At the time Defendant filed the motion, the parties disputed whether Plaintiffs should bear the costs for the second deposition and whether the second deposition should be limited in scope. *Id*. Plaintiffs contend their refusal to pay the costs and fees for the redeposition was based on the belief that Defendant was seeking an unlimited second deposition; Plaintiffs seem to imply that if Defendant had agreed to the limited scope, Plaintiffs' position regarding the fees may have been different. *Id*. at 5–6. However, in their Response to the Motion for Sanctions, Plaintiffs indicated they would only pay the costs and fees if any meritorious information came to light during the redeposition. ECF No. 49 at 2. Thus, the record does not support Plaintiffs' argument that their position could have been different had Defendant agreed to a more limited scope. Additionally, Plaintiffs have not presented any new evidence, facts, or legal authority of which the Court was not already aware or that could not have been presented in earlier motions. Nor have Plaintiffs presented any arguments that the Court's prior ruling was clearly erroneous.

The Parties have not agreed on Defendant's reasonable amount of attorney fees for bringing its motion.  Defendant's Declaration indicates its Motion for Sanctions and accompanying Declaration "necessarily and reasonably incurred" $7,421.20 in fees and required 26 hours of work among two attorneys and one paralegal.  ECF No. 56.

Generally, courts follow a two-step process to determine whether requested attorney's fees are reasonable.  First, the court calculates the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Second, the Court may enhance or reduce using a 'multiplier' based on factors not included in the initial calculation.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  The Court has wide discretion to determine the reasonableness of hours claimed, but it must exclude fees that were not "reasonably expended," including those that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Counsel for Defendant indicate their hourly rates are $310 for attorney Catharine Morisset, $287 for attorney Nate Bailey, and $149 for paralegal Stephanie Forbis.  ECF No. 56 at 3.  The Court finds the requested rates reasonable in light of the individuals' respective years of experience.  However, after

reviewing the time records, the Court finds the hours billed are excessive for the work performed, or at a minimum, were unproductive. Neither the Motion for Sanctions nor the Response involved complex legal issues. *See* ECF Nos. 47, 50. Indeed, the motion itself contained less than two pages of legal argument and was no more than eight pages in overall length. ECF No. 50. The Reply was equally brief. Both briefings focused primarily on a recitation of the underlying events. Therefore, a reduction in the time billed is appropriate.

The Court finds the reasonable and productive time expended on both the Motion for Sanctions and the Reply is no more than 6.5 hours charged at Mr. Bailey's hourly rate of $287. The reasonable time for Ms. Morisset's review of both briefings is 1 hour at her hourly rate of $310. Finally, the reasonable time expended drafting the motion's accompanying Declaration is 0.75 hours charged at Ms. Forbis's hourly rate of $149. The total fees awarded to Defendant is $2,287.25, which is reasonable and fair given the brevity of the briefings and the straight-forward legal arguments contained therein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration (ECF No. 55) is **DENIED**.
2. Plaintiffs and Plaintiffs' counsel (joint and several) shall pay Defendant the amount of **$2,287.25** for the reasonable attorney fees incurred for bringing the Motion for Sanctions (ECF No. 47). Payment must be made

within 30 days of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 25, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND AWARDING ATTORNEY FEES ~ 7